UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN J., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-04096-SLD-JEH |
| KILOLO KIJAKAZI, | ) ) ) |
| Defendant. | ) |

### ORDER

Before the Court is the parties' Stipulation to Award of Attorney Fees and Costs, ECF No. 14. Plaintiff John J. and Defendant Acting Commissioner of Social Security Kilolo Kijakazi stipulate to an award of $6,321.00 in attorney's fees and $402.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the stipulation, construed as a motion, is GRANTED.

### BACKGROUND

John filed this suit on May 18, 2021, seeking judicial review of the Commissioner's final decision denying his claim for benefits. Compl. 1, ECF No. 1. On March 31, 2022, the parties filed a joint stipulation to remand. Remand Stipulation, ECF No. 10. The Court found the remand request appropriate and accordingly reversed the Commissioner's decision and remanded the cause to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g). May 10, 2022 Order 1–2, ECF No. 11. Judgment was entered on May 11, 2022. Judgment, ECF No. 12.

### DISCUSSION

I.  **Attorney's Fees Under the EAJA**

1

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, John is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether John's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, judgment was entered on May 11, 2022. The parties filed their

2

stipulation on August 5, 2022, 86 days later.  As either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), plus the 30-day allowance in accordance with Section 2412(d)(1)(B), John was required to make his EAJA application within 90 days from entry of judgment.  The parties' stipulation fell within this window, so the Court finds the request is timely.  *See, e.g.*, *Craig E. V. v. Kijakazi*, Case No. 4:20-cv-04053-SLD-JEH, 2022 WL 1156930, at *1 (C.D. Ill. Apr. 19, 2022) (finding the plaintiff's motion was timely where the parties' initial stipulation fell within the 90-day window).

The next issue is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory.  *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner is a party to the stipulation.  The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust.  Therefore, John is entitled to recover reasonable attorney's fees under the EAJA.

## II.    Reasonableness of John's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Reasonable fees are calculated by

multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> EAJA claimant[s] seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to John's attorney's itemization of hours, Itemization, ECF No. 14-1. The itemization shows that John's attorney spent 29.4 hours on his case. *Id*. The Court finds that all 29.4 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

John's attorney suggests his work should be compensated at the hourly rate of $215. *See* Itemization. To justify the requested rate, the parties point to the "Consumer Price Index [('CPI')] for all urban consumers in the Midwest region," noting that the increased cost of living represented by the CPI "justifies a fee higher than the statutory cap." Stipulation 2.[1] John's

---

[1] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI. *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs). Although the parties direct the Court to a regional CPI, *see, e.g.*, Stipulation 2, the Stipulation does not actually propose or calculate an appropriate hourly rate, *see id.* at 3 n.3 (referencing only the "adjusted rates" for 2021, 2022, and other years). In fact, the Court's calculations suggest

4

attorney also points to an affidavit from an Illinois attorney practicing social security law who avers that he charges a $350.00 hourly rate. *See* Marvin Aff. ¶¶ 1, 3, 5, ECF No. 17-1.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the changes in the CPI and attorney affidavit. To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set. The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed between May 2021 and May 2022. Itemization. The average national CPI during that period, calculated using the CPI of every month from May 2021 through May 2022, is 279.145. *See CPI for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited June 1, 2023) (change output options to from 1996 to 2022). As the CPI in March 1996 was 155.7, *id.*, the CPI had increased by a factor of 1.792. An increase of the $125 statutory cap to $224.00 is therefore warranted. Using that rate, the total amount of attorney's fees for the 29.4 hours of work John's attorney performed is $6,585.60. John requests a lesser amount of $6,321.00. This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates). The parties have further stipulated to costs in the amount of

---

reliance on the regional CPI would not justify John's attorney's requested hourly rate. The Court assumes this was an oversight and accordingly looks to the national CPI.

$402.00, which the Court also finds reasonable. *See* 28 U.S.C. § 2412(a)(1) (providing for an award of litigation costs to a prevailing party in a civil action brought against the federal government).

## CONCLUSION

Accordingly, the Stipulation to Award of Attorney Fees and Costs, ECF No. 14, construed as a motion, is GRANTED. Plaintiff John J. is awarded $6,321.00 in EAJA attorney's fees and $402.00 in costs. This amount may be offset to satisfy any pre-existing debt that John owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). If John can provide a valid assignment of fees, and the Commissioner can verify that he does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to John's attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If John has assigned his fees and does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to John and mailed to the business address of John's attorney.

Entered this 8th day of June, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE