UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN J., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04096-SLD-JEH |
| | ) |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Petitioner James P. Brown's—attorney for Plaintiff John J.—petition for attorney's fees pursuant to 42 U.S.C. § 406(b), ECF No. 19. For the following reasons, the petition is GRANTED IN PART and DENIED IN PART.

BACKGROUND

On May 18, 2021, John filed a complaint seeking review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability insurance benefits. Compl. 1, ECF No. 1. On March 31, 2022, John and the Commissioner jointly filed a stipulation requesting that the Court remand John's claim to the Commissioner. Joint Stip. Remand 1, ECF No. 10. The Court granted the stipulation and remanded John's claim back to the Commissioner for a new hearing before an Administrative Law Judge ("ALJ") to evaluate whether John "could perform his past relevant work or work that exists in the national economy," pursuant to sentence four of 42 U.S.C. § 405(g). May 10, 2022 Order 1–2, ECF No. 11. The Court approved an award of $6,321.00 in attorney's fees, pursuant to the Equal Access

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor. The Clerk is directed to update the docket accordingly.

1

to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). June 8, 2023 Order 1, ECF No. 18. Following this remand, John received a favorable decision, namely that he was entitled to monthly disability benefits beginning November 2018. *See* Pet. Att'y Fees 1; Not. Award 1, Pet. Att'y Fees Ex. B, ECF No. 19 at 5–10.

John signed a retainer agreement with Petitioner's law firm—The Law Offices of Jeffrey A. Rabin & Associates, Ltd.—which provided that if his claim was appealed to the Court, his attorney could file a fee petition and "request more than $6,000.00, but in no event more than 25% of the retroactive benefits paid on [his] account." Soc. Sec. Retainer Agreement, Pet. Att'y Fees Ex. A, ECF No. 19 at 4. Petitioner requests an award of $31,763.75 in attorney's fees, approximately 25 percent of John's past-due benefits, and affirms that he will remit the previously awarded EAJA fees of $6,321.00 directly to John. Pet. Att'y Fees 1–2. The Commissioner does not oppose Petitioner's request. Resp. Pl.'s Pet. Att'y Fees 1, ECF No. 20.

## DISCUSSION

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). An award under section 406(b) is based upon representation in courts. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht*, 535 U.S. at 795 ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)). In considering whether the requested amount is reasonable, the court looks to the "character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. "If the attorney is

2

responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* And "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

Here, the $31,763.75 amount of requested attorney's fees is consistent with John's retainer agreement. *See* Soc. Sec. Retainer Agreement. Petitioner spent 29.4 hours on John's case when it was before the Court. Time Sheet Court Hours, Pet. Att'y Fees Ex. C, ECF No. 19 at 11. Therefore, Petitioner's fee request results in an effective hourly rate of $1,080.40/hour. Petitioner attempts to bolster his argument that $31,763.75 is a reasonable fee by pointing to the more than 74 hours spent representing John before the Social Security Administration ("SSA"). Pet. Att'y Fees 2 (citing Time Sheet SSA Hours, Pet. Att'y Fees Ex. D, ECF No. 19 at 12–17). This proposition misses the mark—fee awards for time spent practicing before the SSA is governed by section 406(a), not section 406(b). *See Gisbrecht*, 535 U.S. at 794; *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) ("[T]he Social Security Act 'discretely' addresses attorney's fees for the administrative and judicial-review stages . . . ." (quoting *Gisbrecht*, 535 U.S. at 794)).

However, the Court finds that the requested amount could be reasonable. One study suggests that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). Therefore, the amount of fees an attorney receives from clients for whom the attorney successfully obtains an award of past-due benefits must be sufficient to incentivize that attorney to represent other clients, as that work may—and often will—be unpaid labor. *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because

only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (citing *Martinez*, 630 F.3d at 695)). Courts may also consider "the results the representative achieved" for his client, *Gisbrecht*, 535 U.S. at 808, and here those results were substantial as John received an award of $126,335.00 in past-due benefits, *see* Not. Award 3; *see also, e.g.*, *Mora v. Saul*, No. 1:18-cv-00739-SEB-TAB, 2019 WL 5566444, at *2 (S.D. Ind. Oct. 28, 2019) (considering the amount of benefits the plaintiff was awarded). Finally, other courts in the Seventh Circuit have approved awards with effective rates larger than the rate of $1,080.40/hour requested here. *See, e.g.*, *Humiston v. Kijakazi*, No. 16-cv-0974-bhl, 2022 WL 4131917, at *1–2 (E.D. Wis. Sept. 12, 2022) (approving an award constituting an effective rate over $1,600/hour); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-CV-490 JD, 2022 WL 3714743, at *2 (N.D. Ind. Aug. 29, 2022) (adjusting effective rate downward from $2,450.60/hour to $1,7500/hour); *see also, e.g.*, *Hoover v. Saul*, CAUSE NO.: 1:16-CV-427-TLS, 2019 WL 3283047, at *2 (N.D. Ind. July 22, 2019) (considering the contingent nature of Social Security cases and similar fee awards when confirming the reasonableness of the award). The realities of Social Security litigation and customary contingency agreements justify a finding that the fee award requested here could be reasonable.

Yet one final aspect of this case requires a slight downward adjustment to the requested fee award. 25 percent of $126,335.00—John's past-due benefits—is $31,583.75, which is $180 less than the requested award of $31,763.75.[2] Petitioner argues that the planned refund of EAJA fees means that he is only requesting $25,442.75 as a "net amount of attorney's fees requested." Reply Pet. Att'y Fees 2, ECF No. 21. Refunding the EAJA fees does not alter Petitioner's

---

[2] This $180 discrepancy is not explained by Petitioner. John's notice of award also does not address this discrepancy, but that notice does note that the ALJ approved a "fee agreement of $31,763.75." Not. Award 4.

bottom-line request that the Court find that Petitioner "is authorized to charge $31,763.75 in attorney's fees under 42 U.S.C. [§] 406 (b)," Pet. Att'y Fees 2, which would be $180 more than the statutorily imposed cap on such fees—$31,583.75, *see* 42 U.S.C. § 406(b) (limiting the "reasonable fee" for representation to an amount "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment"). Therefore, the Court authorizes a slightly decreased fee award of $31,583.75, which it finds to be reasonable.

Petitioner has already received $6,321.00 in EAJA fees. *See* June 8, 2023 Order 1. An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA—he must either refund the amount awarded under the EAJA to his client or offset that amount from the requested § 406(b) award. *See Gisbrecht*, 535 U.S. at 796; *Lightner v. Saul*, No. 3:17-CV-00206-JD, 2020 WL 2219171, at *1 (N.D. Ind. May 7, 2020). Here, Petitioner will return the $6,321.00 in EAJA fees to John. Pet. Att'y Fees 2.

## CONCLUSION

Accordingly, the petition for attorney's fees pursuant to 42 U.S.C. § 406(b), ECF No. 19, is GRANTED IN PART and DENIED IN PART. James P. Brown, on behalf of The Law Offices of Jeffrey A. Rabin & Associates, Ltd., is awarded $31,583.75 in attorney's fees to be paid out of Plaintiff John J.'s past-due benefits. Petitioner is directed to return the $6,321.00 received in Equal Access to Justice Act fees to John.

Entered this 11th day of April, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE